DONALD L. MCELRATH,

        Plaintiff,

v.                                        Case No. 23-cv-1684-bhl

PALERMOS PIZZA VILLA, INC.,
MAX MUHAMMAD,
DIANA OROZCO,
OFFICER VANDRISSE, and
JOHN AND JANE DOES,

        Defendants.

## SCREENING ORDER

Plaintiff Donald McElrath, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McElrath's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

McElrath has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), McElrath has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $8.07. McElrath's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

McElrath includes no allegations in his complaint. Instead, he sent five packets of assorted documents that include filings from other cases, documents prepared by employees of his former employer, and handwritten notes. *See* Dkt. Nos. 1, 5, 11, 13, 15, 16. McElrath asserts his desire to settle with some Defendants for $130,000,000, but states that he will not settle with other Defendants.

## THE COURT'S ANALYSIS

McElrath's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and will therefore be dismissed. The complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Fed. R. Civ. P. 8(a)(2). Indeed, McElrath makes no effort to inform the Court in an organized way of what any of the Defendants did or did not do to allegedly violate his rights. As noted, McElrath attaches various documents to his complaint with handwritten notes and observations, but it is not the Court's job to scour those documents to guess what claims McElrath thinks he might have against each of the Defendants.

If McElrath wants to proceed with this lawsuit, he will need to file an amended complaint by **March 21, 2024**, that cures the deficiencies identified in this decision. McElrath should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. McElrath should set forth his allegations in short and plain statements and ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. The Court will provide McElrath with a blank amended complaint form. He must use

the form, and his allegations must be set forth in the body of his amended complaint, not in the margins of whatever documents he attaches in support.

As McElrath decides whether to prepare an amended complaint, he should keep the following principles in mind. First, under §1983, a plaintiff may seek redress from a governmental entity or officer or employee of a governmental entity. People or companies who are not acting under color of state law cannot be sued under §1983. Accordingly, if McElrath wants to sue Palermos Pizza Villa, Inc. and its employees for alleged violations of state law, he must do so in state court, not this Court.

Next, a plaintiff may not bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same

4

transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Finally, McElrath is advised that §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Also, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under §1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Nor does §1983 create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, McElrath must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

If McElrath files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If McElrath does not file an amended complaint, the Court will dismiss this case based on his failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that McElrath's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 21, 2024**, McElrath may file an amended complaint curing the defects in the original complaint as described in this decision. If the Court does not receive an amended complaint by the deadline, the Court will dismiss this action based on McElrath's failure to state a claim in his original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail McElrath a blank prisoner amended complaint form. McElrath must use the form, and all of his allegations must be contained in the body of his amended complaint. *See* Civil L. R. 9(b).

5

**IT IS FURTHER ORDERED** that the agency having custody of McElrath shall collect from his institution trust account the $341.93 balance of the filing fee by collecting monthly payments from McElrath's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McElrath is transferred to another institution, the transferring institution shall forward a copy of this Order along with McElrath's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McElrath is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 21, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge